## SUPREME COURT—IN EQUITY.

### ROBERT McKIBBIN *vs.* FRANCIS SPENCER.

DEMURRER to bill in Equity sustained where—

1. The allegations show a cause of action in trespass only.
2. It does not appear that defendant is committing great and irreparable injury, and is not incapable of responding in damages.
3. The controversy is between one plaintiff and one defendant without a multiplicity of suits.

Before Mr. Justice JUDD, at Chambers.*

·The bill in this case was filed 30th April, 1874; citation was issued returnable 26th May. On the 21st May, the respondent filed a demurrer, claiming that the bill does not show that the petitioner is entitled to the discovery or relief prayed for. Hearing was had thereon, June 2d.

The causes of demurrer specified are as follows:

1. There is no equity in said bill of complaint, because all allegations thereof show a cause of action in trespass only, for which the complainant has full, complete and adequate remedy at the common law, and under the statutes of this kingdom.

2. "There is no equitable or legal cause shown for granting an injunction, for the reason that the bill of complaint does not show that the defendant is committing great and irreparable injury, and does not allege that from his insolvency or other cause, this defendant is incapable of responding in damages in an action of trespass."

Every bill in equity may be considered a bill for discovery, since it seeks a disclosure from the respondent of the circumstances relating to the petitioner's case. 2 Story Eq. Jur., 689 and 1483.

In this bill the discovery sought for is an account. In the

---

* This opinion adopted by the Court in Banco, see page 578.

words of the bill, the petitioner asks that the respondent "may set forth under his corporal oath a full, true and particular account of the number of unmarked and unbranded cattle by him taken, or by any other person or persons by his permission or direction taken, for his use and benefit, from the 5th day of September, 1872, up to and until the 5th day of September, 1873, and when and at what time or times, and from which of the said lands and premises mentioned in your petitioner's complaint, they have been taken and been converted to his, the defendant's, own use and benefit;" and also a particular account of the unbranded cattle taken by respondent during the same period of time, on the lands of Waikoloa, Beadle's Hill, Pitman's lease of Holuakawai, Kalopa, Waimea, Puuanahulu, and his portion of Humuula (on which the respondent has the right to take 100 head per annum); and also an account of the unbranded cattle taken during the same period from the petitioner's land of Humuula, and from Puukapu or any other lands of petitioner on the island of Hawaii, on which the respondent has no right or privilege of taking cattle.

Courts of equity exercise jurisdiction in cases of *mutual* and complicated accounts founded on privity of contract upon the ground of the inadequacy of the remedy at law. 2 Story Eq. Jur., §§ 442 and 457. Also, when the accounts to be examined are on one side only and a discovery is wanted in aid of an account, there being a series of transactions on one side and of payments on the other. But where there are no mutual demands, and but a single matter on one side, a court of equity will not entertain jurisdiction. Story, id. §§ 458-459.

. The bill asks that the respondent detail and enumerate how many unbranded cattle he has taken and converted. The bill alleges a trespass, and the respondent is asked to say how often he has trespassed, and to disclose to what extent he has damaged the petitioner. It would be the same as if a trespasser *de bonis asportatis* were required to disclose how

many trees he had felled, or how much ore he had taken, or how much salt he had quarried on the land of another. This is not in any sense the "matter of account" of which equity has jurisdiction. If the respondent has trespassed by taking more than the one hundred head of unbranded mountain cattle per annum, allowed him by the agreement, Exhibit "L" of the bill, or by taking them on lands where he is not allowed to take them, he is liable therefor, and, as the damage is susceptible of proof, there is a complete and adequate remedy therefor at law, and equity will not take jurisdiction and compel a discovery in the nature of an account.

As above intimated the number of cattle wrongfully taken and converted is not an "account" in the sense of the word in which it is used in this well known branch of equity jurisprudence.

If the discovery be made and the account of the cattle taken should be filed, I fail to see how it would benefit the petitioner any; for he does not ask for damages, nor does he allege the pendency of a suit at law of which this discovery is in aid. Even if damages were prayed for, it is doubtful if a court of equity has any inherent power to ascertain the amount of damages sustained by reason of trespasses of the nature of those laid in this bill.

An injunction is also prayed for in the bill, to restrain the respondent from going on to that part of the land of "Humuula" reserved to petitioner and taking cattle thereon, also from going on to the land of "Puukapu" and taking cattle, also from going on to the lands (the leases of which were transferred to him) and taking therefrom more than 100 head of cattle per annum, and from taking cattle from the portion of "Humuula" leased to respondent.

The rights of the respondent to take the cattle on any or all of the lands above mentioned, in any or all of the attitudes described, are pure questions of law, resting upon the construction of the various instruments exhibited with the

Robert McKibbin *v.* Francis Spencer.

bill, and the statutes of the kingdom. The title in the cattle claimed by the petitioner is a pure legal title. The bill does not disclose any agency or trust in the respondent under the petitioner. In order to warrant the interference of a court of equity by way of injunction against trespass, the bill must show that the damage is of a serious or irreparable character. "The consideration and principles upon which the Court interferes by way of injunction rest upon irreparable injury." Kerr's Injunc. in Eq., pp. 493 and 331.

If the trespass or damage be complete and therefore capable of being measured at law, the injury is not irreparable and no injunction will issue. The value of the cattle taken wrongfully can be ascertained and computed. And the injury is not permanent in its nature or tending to the destruction of the estate, like the felling of timber, or any other waste. There is no allegation in this bill that the respondent is incapable of responding in damages.

The bill does not allege that the trespass is of a continuing nature; on the contrary, the time is definitely laid, within which the trespass is alleged to have been committed, to wit, from the 5th September, 1872, to the 5th September, 1873, and the discovery asked for is the number of cattle taken within this period of time.

If this bill showed a continuing trespass and asked for an interlocutory injunction, in order to protect the property from damage pending litigation, there would be ground for interference, for the injunction of a Court of Equity in cases of trespass is in aid of the legal right. But the right at law, must be *clear*, and the breach of that right also *clear*, and serious damage likely to arise to the plaintiff before Equity can interfere by a mandatory injunction.

The right of the petitioner to the cattle, whether clear or not, is certainly disputed, for the bill alleges that the respondent took them under a claim of right. The title to the cattle, therefore, requires the adjudication of a Court of law,

73

Robert McKibbin *v.* Francis Spencer.

and therefore a *mandatory* injunction cannot be granted; and as an *interlocutory* injunction in aid of legal right, *pendente lite*, is not prayed for, it will not be granted.

Another position has been taken by counsel for petitioner, to wit, that equity will assume jurisdiction of this bill in order to avoid a "multiplicity of suits." If there were a number of parties, either plaintiff or defendant, with but one disputed right between them, equity would interfere in order to avoid the numerous suits, involving the same question; but where the controversy, as in this case, is between one plaintiff and one defendant, equity will not interfere. Kerr's Inj. Eq. pp. 135-6.

Demurrer sustained with costs.

Messrs. Stanley, Preston and Montgomery, for complainant. W. C. Jones, for defendant.

Honolulu, July 18th, 1874.

---

SUPREME COURT IN BANCO—OCTOBER TERM, 1874.

*Allen, Ch. J., and Harris, J.*

On appeal from the decision of Mr. Justice JUDD.

We have reviewed thoroughly the decision made by Mr. Justice JUDD on the 18th July, 1874, on the demurrer filed in this case, and have listened to the remarks of counsel and have taken into consideration all the points made by them, and see no reason for overruling his decision, and indeed the remarks of counsel for the plaintiff before the full Court seemed to indicate a concurrence with the views of Justice Judd, if he could be allowed to amend.

The Judge says in his decision below, "if this bill showed a continuing trespass and asked for an interlocutory injunction in order to protect the property from damage pending litigation, there would be ground for interference, for the injunction of a Court of Equity in cases of trespass is in aid of the legal right." * * * * * And again he says:

"As an interlocutory injunction in aid of the legal right *pendente lite* is not prayed for, it will not be granted."

In conformity with these views, the plaintiff may have liberty to amend his bill so as to obtain the desired aid for the protection of his alleged rights *pendente lite* upon paying costs of this hearing.